While the notice of motion refers both to the Province of Ontario and the State of Michigan, counsel's affidavit in support of the motion seeks the issuance of letters rogatory for the depositions only in Ontario. Therefore, we reverse the order and grant the motion seeking the issuance of letters rogatory to conduct depositions upon written questions in the Province of Ontario, Canada. (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Discovery.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ NICHOLAS S. GERMANOVICH, Plaintiff, v BETHLEHEM STEEL CORPORATION et al., Defendants. BETHLEHEM STEEL CORPORATION et al., Third-Party Plaintiffs-Respondents, v ARRIC CORPORATION, Third-Party Defendant-Appellant. (Appeal No. 1.) [705 NYS2d 910] —Judgment unanimously reversed on the law without costs and application dismissed. Memorandum: Supreme Court erred in granting the application of third-party plaintiffs for judgment against third-party defendant for attorneys' fees, costs and disbursements incurred in the defense of the primary action. Third-party plaintiffs brought their application after the primary action was settled and an unconditional stipulation of settlement signed by the parties was filed. Although a trial court has the power "to exercise supervisory control over all phases of pending actions and proceedings" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 54), it lacks jurisdiction to entertain a motion after the action has been "unequivocally terminated * * * [by the execution of] an express, unconditional stipulation of discontinuance" (*Teitelbaum Holdings v Gold, supra*, at 56; *see, Kurtz v Kurtz*, 135 AD2d 615; *Matter of Town of Johnstown v City of Gloversville*, 36 AD2d 143, 145, *lv dismissed* 29 NY2d 639). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ NICHOLAS S. GERMANOVICH, Plaintiff, v BETHLEHEM STEEL CORPORATION et al., Defendants. BETHLEHEM STEEL CORPORATION et al., Third-Party Plaintiffs-Respondents, v ARRIC CORPORATION, Third-Party Defendant-Appellant. (Appeal No. 2.) [705 NYS2d 910] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ DEBRA L. HOLL, Appellant, v GERALDINE A. HOLL et al., Respondents. (Appeal No. 1.) [705 NYS2d 906] —Appeal unani-

mously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ DEBRA L. HOLL, Appellant, v GERALDINE A. HOLL et al., Respondents. (Appeal No. 2.) [705 NYS2d 783] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of the motion of Geraldine A. Holl (defendant) for summary judgment dismissing the complaint against her. Plaintiff, defendant's daughter, was injured when she tripped on a threshold and fell. Defendant employed defendant Daniel Stanley Kowal, doing business as Kowal Konstruction (Kowal), to build an attached garage and install a new doorway leading from the garage into the house. As constructed, the doorway had an interior threshold that protruded upwards approximately 3½ inches from the floor of the house. Although we agree with defendant that she had no duty to warn plaintiff of the open and obvious condition (*see, Hopson v Turf House,* 252 AD2d 796, 797), plaintiff alleges that defendant breached her duty to maintain her property in a reasonably safe condition. "The fact that the [raised threshold] was readily observable goes to the issue of comparative negligence and does not negate the duty of defendant[ ] to keep [her] premises reasonably safe" (*Crawford v Marcello,* 247 AD2d 907). The 3½ inch-high threshold is not "trivial" as a matter of law, and whether it constituted a dangerous or defective condition is an issue of fact for the jury (*see, Trincere v County of Suffolk,* 90 NY2d 976).

The court properly granted that part of the cross motion of Kowal for summary judgment dismissing the complaint against him. Kowal was neither the owner nor possessor of the property, and thus owed plaintiff no duty of reasonable care (*see, Basso v Miller,* 40 NY2d 233). (Appeal from Amended Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ TRANSCONTINENTAL INSURANCE COMPANY, Appellant, v STATE INSURANCE FUND, Respondent. [705 NYS2d 475] —Judgment unanimously modified on the law and as modified affirmed with costs to defendant and judgment granted in accordance with the following Memorandum: This is a dispute between two insurers concerning whether both must contribute to the defense and settlement of an underlying personal